UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:20-cr-00084-GZS |
| KRISTALYN TALMER, | ) |
| | ) |
| Defendant. | ) |

ORDER ON MOTIONS FOR COMPASSIONATE RELEASE &
CREDIT FOR TIME SERVED

Before the Court are two *pro se* motions: (1) a letter, which the Court has construed as Defendant's Motion for Compassionate Release (ECF No. 127), and (2) Defendant's Motion for Credit for Time Served (ECF No. 142). Having reviewed these Motions and the related filings (ECF No. 129), the Court DENIES both Motions without prejudice.

Defendant Kristalyn Talmer, age 42, is presently serving two concurrent 95-month sentences. Defendant currently has a projected release date of March 29, 2027 and is housed at the Federal Transfer Center in Oklahoma City.[1]

In support of her Motion for Compassionate Release, Talmer informs the Court that her mother, already suffering from multiple sclerosis, has now been diagnosed with cancer. (Def. Mot. (ECF No. 127), PageID # 449.) She expresses her desire to help take care of her mother, who she asserts is homeless and has no other family. (Id.) Talmer further suggests that, given her own unspecified "health problems" and the ongoing pandemic, she may be better served via ankle

---

[1] See https://www.bop.gov/inmateloc/ (last visited August 30, 2022).

monitoring than through continued incarceration. (Id.) Defendant also requests appointment of new counsel and notes her successful completion of state probation and the unavailability of classes due to the pandemic.[2] (Id., PageID # 450.)

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) must prove that she has exhausted available administrative remedies and that there are "extraordinary and compelling reasons" that presently warrant a reduction in her sentence. 18 U.S.C. § 3582(c)(1)(A)(i); see United States v. Trenkler, --- F.4th ---, No. 21-1441, 2022 WL 3711709, at *5 (1st Cir. Aug. 29, 2022) (reaffirming that in resolving compassionate release motions "district courts have the discretion to review prisoner-initiated motions by taking the holistic, any-complex-of-circumstances approach").

Here, Talmer fails at the first step: exhaustion. Cf. Trenkler, 2022 WL 3711709, at *2 n.8 (noting that exhaustion was found by district court and not challenged as part of appeal). The record before the Court does not establish that Defendant exhausted her administrative remedies for compassionate release prior to filing her pending Motion. (See Gov't Ex 1 (ECF No. 129-1).) Section 3582(c)(1)(A)'s administrative exhaustion requirement is "a non-jurisdictional claim-processing rule." United States v. Texeira-Nieves, 23 F.4th 48, 53 (1st Cir. 2022). As such, exhaustion is mandatory unless waived or conceded by the Government. See, e.g., United States v. Brown, No. 2:13-cr-00071-DBH, 2021 WL 5041218, at *1 (D. Me. Oct. 28, 2021); United States v. Hassan, No. 2:16-cr-00084-JDL, 2020 WL 6163125, at *2 (D. Me. Oct. 21, 2020). Here, the Government has raised an exhaustion objection to Defendant's Motion. (See Gov't Response (ECF No. 129), PageID #s 459–61.) Thus, the Court concludes that the pending request for

---

[2] To the extent she seeks appointment of counsel, the Court notes that Talmer was appointed counsel on the Government's Motion on July 18, 2022. See ECF Nos. 145 & 146.

2

compassionate release is subject to dismissal without prejudice based on Defendant's failure to exhaust.

As to Defendant's Motion for Credit for Time Served, this Court is unable to provide relief.[3] (Def. Mot. (ECF No. 142), PageID # 597.) Whatever the Motion's merits, the authority to calculate credit for time served lies not with this Court but with the Bureau of Prisons ("BOP"). See generally 18 U.S.C. § 3585(b) (crediting time served); United States v. Wilson, 503 U.S. 329, 334 (1992) (authority to calculate time-served credit lies with Attorney General). While the BOP's calculations can be challenged, a defendant must first exhaust her administrative remedies and then initiate a habeas corpus proceeding under 28 U.S.C. § 2241 in the district possessing authority over her place of confinement. See Rogers v. United States, 180 F.3d 349, 357–58 (1st Cir. 1999) (discussing review of § 3585(b) calculation); United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) ("[A] § 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian[.]"). Thus, the Court denies this Motion without prejudice as well.

For the foregoing reasons, Defendant's Motion for Compassionate Release (ECF No. 127) & Defendant's Motion for Credit for Time Served (ECF No. 142) are hereby DENIED. However, these denials are without prejudice to Talmer renewing these motions or any of the substantive arguments presented therein with the assistance of her recently appointed counsel.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 30th day of August, 2022.

---

[3] Defendant also raises this issue in her Motion for Compassionate Release. See Def. Mot. (ECF No. 127), PageID # 450.