UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:20-cr-00084-JAW-2 |
| | ) | |
| KRISTALYN TALMER | ) | |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

An inmate serving a ninety-five-month sentence for two convictions of possession with intent to distribute fentanyl and a mixture containing a detectable amount of fentanyl, and aiding and abetting the same, moves for compassionate release, citing several serious medical conditions and her rehabilitative progress. The court considers the defendant's stated grounds for compassionate release and determines they do not constitute extraordinary and compelling reasons justifying release. The court further concludes that the 18 U.S.C. § 3553(a) factors weigh against her release, consistent with the Court's previous order dismissing the defendant's prior motions requesting a sentence reduction.

I.    **BACKGROUND**[1]

On November 5, 2020, in Case No. 2:20-cr-00084-JAW-2, a federal grand jury indicted Kristalyn Talmer on one count of possession with intent to distribute forty or more grams of a mixture containing a detectable amount of fentanyl, and aiding and abetting the same, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *Indictment* at 1 (ECF No. 34).[2]  Three months later, on January 21, 2021, in a new

---

[1]    All docket entries in this order refer to Case No. 2:20-cr-00084-JAW unless otherwise stated.

[2]    The complaint and indictment also charged John Southard with the same offense. *Compl.* (ECF No. 1); *Indictment*.  On July 7, 2021, Judge Singal sentenced Mr. Southard to 100 months of

case, 2:21-cr-00004-JAW-1, the Government filed a notice of information charging Ms. Talmer with an additional count of possession with intent to distribute fentanyl, and aiding and abetting the same, on October 25, 2019, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See* Case No. 2:21-cr-00004-JAW, *Information* (ECF No. 1).

On February 3, 2021, after entering a plea agreement, Kristalyn Talmer pleaded guilty to the two separate criminal charges, (1) possession with intent to distribute forty or more grams of a mixture containing a detectable amount of fentanyl, and aiding and abetting the same, and (2) possession with intent to distribute fentanyl, and aiding and abetting the same, both violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *Agreement to Plead Guilty (with Stipulations, Appeal, Waiver, Cares Act Waiver, and Version of the Offense)* (ECF No. 65); *Min. Entry* (ECF No. 67).

On July 6, 2021, United States District Judge George Singal held a consolidated sentencing hearing and sentenced Ms. Talmer to a term of ninety-five months of incarceration, four years of supervised release, no fine and a special assessment of $100 on count one in docket number 2:20-cr-00084-JAW-2. *J.* (ECF No. 110). Judge Singal also sentenced Ms. Talmer to a concurrent term of ninety-five months of incarceration, three years of supervised release, no fine, and a special

---

incarceration, no fine, eight years of supervised release and a $200 special assessment. *See* Case No. 2:20-cr-00084-JAW-01, *J.* (ECF No. 115).

2

assessment of $100 on count one in docket number 2:21-cr-00004-JAW-1.  *J.* (ECF No. 29).

### A.    Previously Resolved Post-Sentencing Motions

Since her incarceration, Ms. Talmer has asked the Court to alter the terms of her confinement no less than eleven times.  Each time, the presiding judge denied her request.

On April 19, 2022, Ms. Talmer filed a motion to vacate, set aside, or correct her sentence, which she later amended on March 1, 2023, after receiving several extensions.  *Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody* (ECF No. 119); *Am. Mot. for Habeas Corpus (28 U.S.C. § 2255)* (ECF No. 155).  On April 25, 2022, Ms. Talmer filed a motion for compassionate release and for the appointment of counsel, citing her mother's declining health.  *Mot. to Reduce Sentence & Mot. to Appoint Counsel* (ECF No. 127). On June 27, 2022, Ms. Talmer filed a motion for credit for time served.  *Mot. for Credit for Time Served* (ECF No. 142).

On August 30, 2022, Judge Singal dismissed Ms. Talmer's motions, concluding that she had failed to exhaust her administrative remedies to bring a compassionate release motion and that the Court lacked jurisdiction to provide relief on her request to receive credit for time served.  *Order on Mots. for Compassionate Release & Credit for Time Served* (ECF No. 150).  On November 14, 2023, the Court dismissed Ms. Talmer's motion, *Order on Rec. Dec.* (ECF 168), adopting and affirming the

recommended decision of United States Magistrate Judge John Nivison. *Rec. Dec. on 28 U.S.C. § 2225 Mot.* (ECF No. 167).

On January 12, 2024, Ms. Talmer filed another motion to reduce her sentence. *Pro Se Mot. to Reduce Sentence* (ECF No. 175). On January 18, 2024, this Court dismissed Ms. Talmer's motion. *Order on Mot. for Reduction Pursuant to Amend. 821* (ECF No. 179); *Order Regarding Mot. for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (ECF No. 180).

Between December 2023 and September 2024, Ms. Talmer filed numerous motions seeking various forms of post-conviction relief, including requests to amend the indictment, for compassionate release, for hardship credit, for appointment of counsel, and for release to home confinement or a rehabilitation center. In her slew of motions, Ms. Talmer raised concerns regarding the revocation of her First Step Act (FSA) credits, her need for medical care, unacceptable BOP facility conditions, her desire to reconnect with her family, and several other reasons.

On December 29, 2023, Ms. Talmer filed another motion for compassionate release. *Mot. for Compassionate Release* (ECF No. 169). On January 12, 2024, Ms. Talmer filed a motion to reduce her sentence, as well as two separate motions seeking hardship credit for her time spent incarcerated at two respective federal facilities during the COVID-19 pandemic. *Mot. for Sentence Reduction* (ECF No. 172); *Mot. for Hardship Credit for Hard Time Served* (ECF No. 174); *Mot. for Hardship Credit for Hard Time Served* (ECF No. 176). On March 29, 2024, Ms. Talmer submitted a letter to the Court requesting the wording of her charging document be changed. *Mot. to*

4

*Amend Info.*, No. 2:21-cr-00004-JAW-01 (ECF No. 53).  On May 20, 2024, Ms. Talmer again filed a motion to reduce her sentence, as well as an attached motion seeking FSA credit and asking the Court to recode her case.  *Mot. for Sentence Reduction* (ECF No. 184).  On September 24, 2024, Ms. Talmer filed a motion asking the Court to appoint counsel and to revise her sentence to home confinement or confinement in a rehabilitation center within Portland, Maine.  *Mot. for Ct. Appointed Counsel [and] for Home Confinement or Rehabilitation Ctr. Within Portland[,] Maine* (ECF No. 188).

On January 13, 2025, the Court issued an 83-page omnibus order dismissing each of Ms. Talmer's pending motions filed between December 2023 and September 2024.  *Omnibus Order on Pending Mots.* (ECF No. 191) (*Omnibus Order*).  First, addressing Ms. Talmer's request to amend the indictment, the Court concluded her request was without merit and, in any event, that she had waived her right to challenge the facts underlying the indictment when she entered into her plea agreement.  *Id.* at 11-14.  Next, addressing her three motions for sentence reduction, the Court concluded that it lacked jurisdiction to review her claims relating to the FSA and that Ms. Talmer had failed to exhaust her administrative remedies as to her first and second motions to reduce sentence, but did exhaust her administrative remedies as to her third motion.  *Id.* at 32-34, 36-39.  After reaching the merits of her third motion to reduce sentence, the Court concluded Ms. Talmer had not demonstrated extraordinary and compelling circumstances to justify her release.  *Id.* at 49-65.  Similarly, the Court concluded Ms. Talmer was not entitled to modify her term of imprisonment and dismissed Ms. Talmer's request to revise her sentence to

home confinement or a rehabilitation center.  *Id.* at 78-79.  Addressing Ms. Talmer's motions for hardship credit, the Court concluded it lacked jurisdiction to adjudicate her claims.  *Id.* at 70-72.  Finally, the Court dismissed Ms. Talmer's motion for appointment of counsel because she had failed to demonstrate a likelihood of success on her claims or that the factual record was underdeveloped.  *Id.* at 80-81.

On October 3, 2025, Ms. Talmer filed yet another motion for compassionate release based on her detention facility's alleged inability to provide her sufficient medical treatment and her "exemplary rehabilitation."  *Mot. Req. Compassionate Release* at 1-7 (ECF No. 192) (*Petr's Mot.*).  On October 20, 2025, the Government filed a response, opposing Ms. Talmer's motion.  *Govt's Resp. in Opp'n to Mot. for Compassionate Release* (ECF No. 194) (*Govt's Opp'n*).  Ms. Talmer did not file a reply.

## II.    THE PARTIES' POSITIONS

### A.    Kristalyn Talmer's Motion for Compassionate Release

Citing extraordinary and compelling circumstances and arguing that the 18 U.S.C. § 3553(a) factors weigh in her favor, Ms. Talmer asks this Court to grant her compassionate release.  *Pet'r's Mot.* at 1-7.  Ms. Talmer submits two extraordinary and compelling circumstance warranting her release: (1) her serious medical issues, including skin cancer and severe back and feet pain that "cannot be treated" or "sufficiently managed by BOP's medical staff," *id.* at 2-4, and (2) her "exemplary" progress toward her rehabilitation.  *Id.* at 5.  Finally, as a "changed woman . . . ready to transition back into her community as [a] law abiding, [r]ehabilitated individual," Ms. Talmer argues that she satisfies the requisite factors under § 3553(a).  *Id.* at 6. Ms. Talmer also details her release plan, including residing with her boyfriend in

Mississippi while she seeks gainful employment and obtains medical treatment. *Id.* at 7.

### B.    The Government's Opposition

In opposition, the Government offers two independent grounds to deny Ms. Talmer's motion. First, the Government argues that Ms. Talmer does not offer extraordinary and compelling circumstances warranting compassionate release, because (1) Ms. Talmer's medical issues do not satisfy the limited range of medical circumstances recognized by law as extraordinary and compelling, *Gov't's Opp'n* at 4-6, and (2) Ms. Talmer's rehabilitative efforts, though commendable, are not extraordinary and compelling but merely consistent with baseline expectations of federal inmates. *Id.* at 6-7. Second, considering Ms. Talmer already received a downward variance despite the serious nature and circumstances of her offense, the Government contends that the balance of the § 3553(a) factors weigh against granting her motion. *Id.* at 7-8.

### III.    LEGAL STANDARD

"Subject to limited exceptions, a district court may not reduce a sentence that it has imposed." *United States v. Duluc-Méndez*, 156 F.4th 55, 60 (1st Cir. 2025) (citing 18 U.S.C. § 3582(c)). One such exception lies in 18 U.S.C. § 3582(c)(1)(A), which permits a district court to reduce a term of imprisonment when (1) extraordinary and compelling reasons warrant such reduction; (2) the reduction is consistent with applicable United States Sentencing Commission policy statements; and (3) under the particular circumstances of the case, the applicable § 3553(a)

7

factors warrant a reduced sentence. *United States v. Cruz-Rivera*, 137 F.4th 25, 28 (1st Cir. 2025) (citations omitted).[3]

This is a "multi-step inquiry." *United States v. Burgos-Montes*, 142 F.4th 48, 57 (1st Cir. 2025). "Initially," the district must "determine[ ] if the defendant is eligible for compassionate release by assessing (1) if the defendant has presented 'extraordinary and compelling reasons warrant[ing] such a [sentence] reduction,' and (2) whether the sentence reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (second and third alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Finally, "'[i]f the defendant is eligible for compassionate release under these two criteria,' the court must then consider 'the relevant [section] 3553(a) sentencing factors' and determine whether, 'in its discretion' and 'under the particular circumstances of the case,' the reduction is warranted." *Duluc-Méndez*, 156 F.4th at 60 (quoting *Burgos-Montes*, 142 F.4th at 57). "A district court may grant compassionate release only if the defendant satisfies each of these steps." *Id.* (citing *United States v. D'Angelo*, 110 F.4th 42, 48 (1st Cir. 2024)).

---

[3]     Pursuant to 18 U.S.C. § 3582(c)(1)(A), a court may only modify a term of imprisonment where a defendant has fully exhausted her rights of administrative appeal or thirty days have lapsed from when the defendant requested the warden of her facility to file a request for sentence reduction on her behalf. Although neither party directly addresses this threshold issue, the Government's opposition includes as an attachment a "similar request for compassionate release" Ms. Talmer filed on August 12, 2025 to the warden of her current detention facility, FCI Tallahassee. *Gov't's Opp'n* at 2-3; *id.*, Attach. 1, *Mot. Req. Compassionate Release*. Upon review of Ms. Talmer's request to the FCI Tallahassee warden, the Court concludes that thirty days have lapsed from when Ms. Talmer filed her request for compassionate release to the warden of her facility. *See* 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Cain*, No. 1:16-cr-00103-JAW, 2021 U.S. Dist. LEXIS 20672, at *10-11 (D. Me. Feb. 3, 2021) (collecting cases) ("Successive compassionate release motions must independently satisfy the exhaustion requirement").

## IV.    DISCUSSION

### A.    Extraordinary and Compelling Reasons

The Court first addresses whether Ms. Talmer has set forth "extraordinary and compelling reasons" warranting release.  *See* 18 U.S.C. § 3582(c)(1)(a).  Consistent with the First Circuit's directive, The Court "conduct[s] a holistic inquiry . . . consider[ing] any complex of circumstances raised by [Ms. Talmer] as forming an extraordinary and compelling reason warranting relief." *Duluc-Méndez*, 156 F.4th at 61 (quotations omitted).  Here, Ms. Talmer presents two grounds of extraordinary and compelling bases for his requested sentence reduction: her serious medical issues that she claims FCI Tallahassee is not and cannot sufficiently treat and her "exemplary" progress toward rehabilitation. *Pet'r's Mot.* at 5.

Although the statute does not define "extraordinary and compelling reasons," in 2023, the United States Sentencing Commission clarified the phrase's meaning within the context of 18 U.S.C. § 3582(c)(1)(A) by promulgating Amendment 814. *See* U.S. SENT'G GUIDELINES MANUAL app. C supp., Amend. 814 (U.S. SENT'G COMM'N 2023).  Among other things, Amendment 814 revised the list of "extraordinary and compelling reasons" that may warrant a sentence reduction: the defendant's medical circumstances, age, family circumstances, whether the defendant was the victim of abuse while in custody, other reasons similar in gravity of those bases, and whether the defendant received an unusually long sentence. *Id.* ("The amendment expands the list of specified extraordinary and compelling reasons and retains the 'other reasons' basis"); s*ee also* U.S.S.G. § 1B1.13(b)(1)-(6) (Nov. 1, 2023) (listing

9

extraordinary and compelling reasons). As such, the Court reviews Ms. Talmer's stated grounds for extraordinary and compelling reasons in light of the Sentencing Commission's current policy statement.

### 1.   Inadequate Medical Care

Section 1B1.13(b)(1) provides various categories of medical circumstances that rise to the level of warranting judicial relief. Subsection (A) contemplates a defendant "suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory)" and gives the examples of "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. § 1B1.13(b)(1)(A). Subsection B describes a defendant who is (i) "suffering from a serious physical or medical condition," (ii) "suffering from a serious functional or cognitive impairment," (iii) "experiencing deteriorating physical or mental health because of the aging process," and (iv) "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). Subsection C considers a defendant "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). Finally, subsection D describes the circumstances under which:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D).

Ms. Talmer reports several discrete medical issues that she asserts FCI Tallahassee has not been and cannot adequately treat: skin cancer, degenerative disc disease, plantar fibromatosis, and heel fissures. Beginning with skin cancer, Ms. Talmer reports that prior to her incarceration, she was a patient at Maine Medical Partners Dermatology, where she was diagnosed with skin cancer, and where she had surgery to remove the cancerous cells. *Id.* at 2. She states that she follows a dermatologist recommended aftercare plan to ensure the cancer does not recur, emphasizing the importance of sun protection. *Id.*

As for her back, Ms. Talmer reports she was diagnosed with degenerative disc disease, which required invasive surgery, extensive treatment, several medications, and physical therapy to aid her recovery and alleviate her excruciating pain. *Id.* at 3. While an inmate at FCI Danbury, in Danbury, Connecticut, after several complaints of serious back pain, Ms. Talmer received an off-site MRI that revealed several complications with her degenerative disc disease and later, after "continuous complaints of pain," she was again taken to Danbury hospital where a radiologist performed chest x-rays, discovering a lower lobe pulmonary nodule "in the lower lobe of the lung." *Id.*

11

As for her feet, Ms. Talmer reports that she was diagnosed with plantar fibromatosis and heel fissures. *Id.* She states that she was prescribed medication for her feet injuries, but reports that her health continues to deteriorate. *Id.* at 3-4. Before she could attend a follow-up appointment off-site, however, Ms. Talmer was transferred from FCI Danbury to FCI Tallahassee, in Tallahassee, Florida. *Id.* at 4.

Upon her transfer to FCI Tallahassee, Ms. Talmer reports that medical staff discontinued her medications without further or prior evaluation. *Id.* Despite numerous attempts to consult with medical staff about her health conditions and constant pain, Ms. Talmer reports she has not received the necessary medical care. *Id.* Given her cancer diagnosis, "which has an end-of-life trajectory if untreated, and other health concerns that require immediate attention," Ms. Talmer insists that it is imperative that she "receive efficient follow-ups, procedures, and treatment plans," which she argues are not and cannot be treated and sufficiently managed by BOP's medical staff. *Id.*

The Government opposes Ms. Talmer's motion, arguing that none of her stated medical issues falls into the limited circumstances permitting release. *Gov't's Opp'n* at 4-5. The Government points out that the Court already concluded as much in its January 13, 2025 omnibus order. *Id.* Finally, the Government disputes Ms. Talmer's characterization that medical staff at FCI Tallahassee discontinued her medication and have ignored her medical needs. *Id.* at 6. Pointing to Ms. Talmer's medical records, the Government shows that FCI Tallahassee medical staff have treated her

back and feet pain and continue to provide her adequate medical attention, including multiple prescribed medications. *Id.*

Although Ms. Talmer presents the Court with a familiar list of health problems that the Court previously concluded did not demonstrate extraordinary and compelling circumstances when it dismissed her earlier motion for compassionate release, Ms. Talmer raises concerns about the adequacy of treatment at a different facility, FCI Tallahassee. Furthermore, Ms. Talmer's medical records supplied in support of her latest motion include some new documents the Court did not previously review in dismissing her previous motions. *See Pet'r's Mot.*, Attach. 1, *My MRI from Last Year & the Definition of All the Things Wrong With My Back* (*Medical Records*). However, Ms. Talmer's latest motion fails for the same reason the Court previously explained in dismissing her motion for compassionate release.

In its omnibus order, the Court carefully considered the circumstances of Ms. Talmer's several health problems, including an extensive review of her medical records, and ultimately concluded that none of Ms. Talmer's conditions demonstrated extraordinary and compelling circumstances warranting release. *Omnibus Order* at 41-65. As for her skin cancer, because Ms. Talmer had already completed surgery and her medical records did not suggest otherwise, the Court determined Ms. Talmer's condition did not currently manifest as a "terminal illness" or that her incarceration prevented her from receiving a reasonable standard of medical care. *Id.* at 52. As for her back injury, the Court concluded that "Ms. Talmer's brief and conclusory statements that she requires surgery and that incarceration is

exacerbating her condition lack support from the medical records she provided." *Id.* at 52. As for her foot injuries, without the benefit of any medical records, the Court similarly concluded that Ms. Talmer had failed to demonstrate an extraordinary and compelling basis for relief. *Id.* at 51-52 (While the Court sympathizes with Ms. Talmer, assuming the Court is correct that she is suffering from plantar fasciitis, this is not a "terminal illness," nor does a correctional facility prevent her from providing self-care").

Again, Ms. Talmer has not shown that her medical challenges constitute extraordinary and compelling circumstances warranting release. Although Ms. Talmer provides new information about health issues related to her heel fissures, plantar fibromatosis, and a pulmonary nodule in her lower lung, none are "a terminal illness." U.S.S.G. § 1B1.13(b)(1)(A). Nor has Ms. Talmer set forth any changed circumstances or new information that would suggest the Court's previous conclusion about the status of her skin cancer was incorrect or has changed since the Court issued its omnibus order. *Id.*; *see Omnibus Order* at 51-52. Similarly, none of her medical issues qualifies as an "infectious disease" or a "public health emergency" for which she is at "increased risk of suffering severe medical complications or death." U.S.S.G. § 1B1.13(b)(1)(D).

Furthermore, the record before the Court casts doubt on Ms. Talmer's claims that FCI Tallahassee has discontinued her treatment and cannot adequately serve her medical needs. On the contrary, Ms. Talmer's medical records from FCI Tallahassee clearly demonstrate that the facility has continued to treat her, including

14

providing her multiple prescribed medications, for the pain in her back and feet, as well as her recently discovered pulmonary nodule. *Gov't's Opp'n,* Attach. 2, *BOP Medical Records* at 1-47. Ms. Talmer therefore has not shown that any of her medical issues "substantially diminish[ ]" her ability to provide self-care at FCI Tallahassee or that any of her medical issues require "long-term or specialized medical care that is not being provided" at FCI Tallahassee "without which [she] is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)-(C).

Although the Court is sympathetic to Ms. Talmer's medical challenges, based on the record before the Court, she has not met her burden to show that her medical circumstances are extraordinary and compelling such that release is warranted. *See United States v. Galiany-Cruz,* 2023 U.S. App. LEXIS 26539, at *1 (1st Cir. 2023) (explaining "movant bears the burden of establishing extraordinary and compelling reasons") (citing *United States v. Newton,* 996 F.3d 485, 488 (7th Cir. 2021)).

### 2.    Rehabilitation

Pursuant to U.S.S.G. § 1B1.13(d), "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *See also* 28 U.S.C. § 944(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for granting a sentence reduction). However, the Guidelines provide that "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

The Court commends Ms. Talmer's efforts to rehabilitate herself and prepare for a productive life following release.  Achieving her GED and completing several courses and programs to support her continued sobriety are significant accomplishments.  *See Pet'r's Mot.* at 5.  Moreover, the Court is encouraged that Ms. Talmer has endeavored to spend her period of incarceration productively, and although it does not provide an independent ground for her release, strongly encourages her to continue to do so.[4]  Moreover, even when considering Ms. Talmer's rehabilitation in combination with her medical issues, she has not shown extraordinary and compelling reasons for granting her release.  *See United States v. Rivera-Rodríguez*, 75 F.4th 1, 27 n.31 (1st Cir. 2023) ("[R]ehabilitation, when combined with other extraordinary and compelling reasons" may "serv[e] as one of a court's bases for granting compassionate release").

### B.   The Sentencing Commission's Policy Statements and the 18 U.S.C. § 3553(a) Factors

Having concluded that Ms. Talmer has not shown extraordinary and compelling reasons to warrant reducing her sentence and is thus ineligible for compassionate release, the Court need not determine whether Ms. Talmer's requested reduction is consistent with the Sentencing Commission's applicable policy statements or consider the § 3553(a) factors.  *See Duluc-Méndez*, 156 F.4th at 60 (instructing district courts to turn to "'the relevant [section] 3553(a) sentencing

---

[4]   Although Ms. Talmer reports she has maintained her sobriety while incarcerated, her BOP disciplinary record states that on July 7, 2022 she was sanctioned for possessing drugs or alcohol and misusing her prescribed medication.  *See Gov't's Opp'n*, Attach. 3, *Talmer Disciplinary Record* at 1.  To date, Ms. Talmer has not incurred a similar infraction since July 7, 2022, and the Court encourages Ms. Talmer to continue to remain sober and drug free during  her period of incarceration.

factors,'" if the defendant has satisfied the initial criteria for compassionate release: (1) showing extraordinary and compelling reasons warranting a sentence reduction and (2) that the sentence reduction is consistent with applicable Sentencing Commission policy statements) (citing *Burgos-Motes*, 142 F.4th at 57) (alteration in original); *id.* ("A district court may grant compassionate release only if the defendant satisfies each of these steps") (citing *D'Angelo*, 110 F.4th at 48); 18 U.S.C. § 3582(c)(1)(A).

Furthermore, the Court has previously determined that "a further grant of sentence reduction would not serve the purposes of reflecting the seriousness of Ms. Talmer's offense and promoting respect for the law." *Omnibus Order* at 64-65. In its omnibus order rejecting Ms. Talmer's prior motion for compassionate release, the Court thoroughly considered the relevant § 3553(a) factors as applied to Ms. Talmer. *Id.* at 41-64. In concluding the balance of those factors weighed against reducing her sentence, the Court explained its obligation to protect the public from further crimes by Ms. Talmer, who "put law enforcement and the public at significant risk, not just through her distribution of drugs, but also in her attempts to flee when faced with arrest." *Id.*

The Court also observed that Judge Singal, when sentencing Ms. Talmer, had "exercised substantial leniency," despite her recommended guideline range of 188 to 235 months based on a base offense level of 32 and a Criminal History Category of V. *Id.* at 64-65. Although Judge Singal determined that Ms. Talmer's conduct before sentencing prevented him from granting the Government's request for a three-level

17

reduction for acceptance of responsibility, he nonetheless honored the Government's representations in the plea agreement and applied a three-level variance, leading to a revised Guidelines range of 140 to 175 months. *See Sentencing Tr.* at 14:25-15-13 (ECF No. 132). Judge Singal then further departed downward to impose a final sentence of 95 months after concluding that the low end of the revised Guidelines range was still "too much for a woman who has not served more than six months." *Id.* at 26:22-24. As the Court explained to Ms. Talmer in its omnibus order, "leniency must have a limit." *Omnibus Order* at 64.

In the Court's view, consistent with the reasons stated in its omnibus order, which are no less compelling today than on January 13, 2025, granting Ms. Talmer a sentence reduction would contravene 18 U.S.C. § 3553(a) factors. Again, the Court is encouraged by Ms. Talmer's representations that she has "diligently and genuinely worked to correct her negative thinking, criminal mindset, and disregard for the law" and that she is ready "to transition back into her community as a law abiding, rehabilitated individual." *Pet'r's Mot.* at 6. The Court commends her accomplishments and encourages her to continue her efforts.

## V. CONCLUSION

Accordingly, the Court DISMISSES without prejudice Kristalyn Talmer's Motion Requesting Compassionate Release (ECF No. 192).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2026